UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN M. JASINSKI,           Civil Action No.: 16-12510
                                            Honorable Nancy J. Edmunds
          Plaintiff         Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

         Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 13, 18]**

Plaintiff Joann Marie Jasinski appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her applications for disability widow's benefits (DIB) and supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [ECF No. 14] be **GRANTED**;

- Jasinski's motion [ECF No. 12] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Jasinski's Background and Disability Applications

Born December 9, 1959, Jasinski was 53 years old when she submitted her applications for disability benefits in June 2013. [ECF No. 10-6, Tr. 166]. She had some college but no degree, and listed her work history as including checker, processor, chore-giver and tax preparer. [*Id.*, Tr. 169; ECF No. 10-2, Tr. 34]. Jasinski alleges a disability onset date of April 15, 2011, and that she is disabled by anxiety attacks, COPD, back spasms and brain tumor. [ECF No. 10-2, Tr. 11; ECF No. 10-6, Tr. 179].

After the Commissioner denied both disability applications initially, Jasinski requested a hearing, which took place on October 1, 2014, during which she and a vocational expert (VE) testified. [R. 10-2, Tr. 11, 27-50]. In a December 5, 2015, written decision, the ALJ found Jasinski to be not disabled. [*Id.*, Tr. 11-22]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Jasinski timely filed for judicial review. [*Id.*, Tr. 1-6; ECF No. 1].

**B. The ALJ's Application of the Disability Framework Analysis**

DIB and SSI are available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Jasinski was not disabled. At the first step, she found that Jasinski had worked since her alleged onset date, and deferred the question regarding whether she had substantial gainful employment. [ECF No. 10-2, Tr. 13]. At the second step, she found that Jasinski had the severe impairments of "early emphysema/COPD, degenerative disc disease of lumbar spine, intermittent claudication, and alcohol abuse." [*Id.*, Tr. 14]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 16].

Between the third and fourth steps, the ALJ found that Jasinski had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she was "limited to no climbing ladders, ropes or

4

scaffolds; occasional climbing of ramps or stairs; occasional stooping, kneeling, crouching and crawling. She should avoid concentrated exposure to extreme cold, wetness or humidity, and environmental irritants such as fumes, odors, dusts, and gases." [ECF No. 10-2, Tr. 17]. At step four, the ALJ found that Jasinski was capable of performing her past relevant work as a receptionist, citing the VE's testimony in support. [*Id.*, Tr. 21].

## II.   ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Jasinski argues that the ALJ erred by failing to give controlling weight to her treating pulmonary specialist, by finding that she had past gainful employment as a receptionist, and in failing to assess her skill set. The Court disagrees and recommends that the ALJ's decision be affirmed.

### A.

Jasinski argues that the ALJ erred in giving controlling weight to the opinion of Asker Asmi, M.D. The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 727-29; *Rogers,* 486 F.3d at 242-43. In all cases, a treating physician's opinion is entitled to great deference. *Id.* Courts will not hesitate to remand when the ALJ failed to articulate "good reasons" for not fully crediting the treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

In a January 2014 medical questionnaire, Dr. Asmi indicated that he had been treating Jasinski since November 2013; that she suffered from COPD, pulmonary collapse and emphysema; that she was "tired all the time"; that she had "severe shortness of breath [and] should limit exertion";

6

that she was treated with two inhalers; that her prognosis was guarded; and that she was not capable of performing a full-time job on a sustained basis due to her COPD and emphysema. [ECF No. 10-7, Tr. 259-60]. In Dr. Asmi's "medical assessment of ability to do work related activities," apparently also signed in January 2014, he added that Jasinski could only occasionally lift or carry an unspecified weight; that she could walk up to six minutes without rest; that she could occasionally twist, rarely crouch, and never climb; that her symptoms would frequently interfere with her attention and concentration; but that she had no limitations as to sitting, reaching, handling or fingering. [*Id.*, Tr. 262-63].

The ALJ gave Dr. Asmi's opinion little weight, finding that his limitations were not consistent "with the medical evidence or his own exams of stable range of motion in upper and lower extremities, no edema or clubbing, and intact sensory and motor reflexes." [ECF No. 10-2, Tr. 20, citing ECF No. 10-7, Tr. 289-300]. She found no evidence that Jasinski could not perform work consistent with her assessed RFC, and noted that the determination of whether Jasinski was capable of working was an issue reserved for the Commissioner. [ECF No. 10-2, Tr. 20]. Jasinski complains that the ALJ did not note that Dr. Asmi is a pulmonary specialist. She asserts that the symptoms the ALJ relied upon have nothing to do with

her pulmonary impairments, and that the focus should be on her complaints of shortness of breath, malaise, fatigue, pulmonary collapse, and abnormal pulmonary function tests. [ECF No. 13, PageID 376].

Jasinski is right that Dr. Asmi's specialty is relevant, but that is just one factor. An ALJ must consider "the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion. *Gentry*, 741 F.3d at 723. The other factors do not favor Jasinski's argument. Dr. Asmi had been treating her for only a couple of months, and examined her about four times. [ECF No. 10-7, Tr. 289-300]. And the Court agrees with the ALJ that Dr. Asmi's limitations are not supported by the record; the spirogram testing revealed only mild obstruction, [*id.*, Tr. 241, 298], and Dr. Asmi did not justify his opinion that Jasinski required postural limitations.

Jasinski argues that her malaise and fatigue support Dr. Asmi's opinion, but those are merely her subjective complaints, not symptoms that are supported by the objective evidence. Moreover, Dr. Asmi did not limit Jasinski's ability to sit or use her hands, [*Id.*, Tr. 262-63], so his specific functional limitations would not preclude the limited range of sedentary work required by the assessed RFC. [ECF No. 10-2, Tr. 17]. And the ALJ

is correct that Dr. Asmi's opinion that Jasinski cannot work is an issue reserved for the Commissioner. *Kidd v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 336, 340 (6th Cir.2008) ("[T]he ultimate issue of disability is reserved to the Commissioner."). The ALJ did not err in giving little weight to Dr. Asmi's opinion.

**B.**

Jasinski argues that the ALJ erred by finding that she had past gainful employment as a receptionist. The Court notes as an initial matter that she bears the burden of demonstrating that she did not and could not perform substantial gainful employment; the burden shifts to the Commissioner only upon a finding that she could not perform her usual work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009). Jasinski attempts to put the burden on the ALJ and argues that her finding that Jasinski was gainfully employed as a receptionist is not supported by substantial evidence. The Court disagrees.

Jasinski's disability application shows that she was a "checker, processor" from January to April 2011, and in a separate line that she was self-employed as a tax preparer from 1988 to 2012. [ECF No. 10-6, Tr. 169]. On her work history report, she wrote that she was a "receptionist/tax

9

checker processor" from 1994 to 2011, making $10 per hour, five to ten hours a day, six to seven days a week. [ECF No. 10-6, Tr. 186]. She earned $9,752 in 2011. [ECF No. 10-2, Tr. 13]. During the hearing before the ALJ, Jasinski testified that she had worked as a "receptionist/checker/processor" for over 20 years, on and off, until she was fired in 2011. [ECF No. 10-2, Tr. 34-35]. The VE heard Jasinski's testimony, which confirmed an earlier case analysis summary indicating that Jasinski's past work should be characterized as a receptionist, and as sedentary, semi-skilled. [*Id.*, Tr. 47]. Jasinski made no objection to that classification during the hearing. The ALJ then posed a hypothetical question based upon Jasinski's age, education, work experience, skill set and the assessed RFC, and the VE testified that she could perform her past work as a receptionist as it is generally performed. [*Id.*, Tr. 48-49].

In her decision, the ALJ held that Jasinski's previous work as a checker/processor was most closely analogous to the job as a receptionist, was performed within the past 15 years, and was substantial gainful employment. [*Id.*, Tr. 21]. Challenging the ALJ's decision, Jasinski argues that her wages from 2011 were in part from her self-employment as a tax preparer, and that there is insufficient information to determine whether her earnings from her receptionist position were sufficient to qualify as

10

substantial gainful employment as required by 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1), *i.e.*, at least $1,090 per month.[3] This argument is without merit; Jasinski's representation that she made $10 per hour, five to ten hours a day, six to seven days a week, amounts to earnings in excess of $1,090 per month.  This evidence, combined with the more than the $9,752 Jasinski made in 2011, constitutes substantial evidence that her job as a receptionist met the earnings threshold necessary to constitute substantial gainful employment.

Jasinski next argues that her employment as a receptionist in 2011 cannot be considered gainful because 20 C.F.R. § 404.1574(c)(3) excludes work of less than six months that a claimant must stop because of her impairment.  But Jasinski testified that she was fired because the new owner "didn't want me . . . .  Terry was not happy with how I did my job, she doesn't think that we need it, the job doesn't exist anymore, and she thought I did horrible."  [ECF No. 10-2, Tr. 35].  She did not leave her job and was not fired due to her impairment, so Section 404.1574(c)(3) is inapplicable.

Jasinski argues that the ALJ violated her duty to investigate whether her past relevant work as a receptionist was substantial gainful

---

[3] *See* https://www.ssa.gov/OACT/COLA/sga.html.

11

employment. As a general rule, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). But "[w]here there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence." *Kendall v. Astrue*, No. CIV.A. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011). Here, there was no obvious gap; Jasinski alleged a disability onset date of April 2011—apparently after she was fired—she provided a work history that specified her hours and wages per hour, and that would constitute gainful employment. The ALJ had no reason to question whether that work was substantial gainful employment.

It does not appear that Jasinski ever raised with the ALJ the issue regarding whether her position as a receptionist constituted substantial gainful employment. So this argument could also be deemed waived. *In re Cannon*, 277 F.3d 838, 848 (6th Cir. 2002) ("[A] reviewing court will not consider issues raised for the first time on appeal.").

## C.

Jasinski's final argument is the ALJ did not indicate what skill level she could perform. While it is true that the ALJ did not specify Jasinski's skill level in her decision, the hypothetical posed to the VE included a person of Jasinski's "skill set," and the VE testified that she was capable of performing the position of receptionist as it is generally performed. [ECF No. 10-2, Tr. 48-49]. "A VE's testimony in response to a hypothetical question accurately portraying a claimant's vocational abilities and limitations can provide substantial evidence to meet the Commissioner's burden at the fifth step of the sequential evaluation process." *Lee v. Comm'r of Soc. Sec.*, 529 F. App,x 706, 715 (6th Cir. 2013). And while Jasinski alleges that her prior work was unskilled, the VE characterized it as semi-skilled. [*Id.,* Tr. 47].

Jasinski nonetheless says that she is not capable of performing skilled or unskilled jobs due to her anxiety, and the effects of her anxiety medication. But the ALJ need only incorporate into the hypothetical question those limitations that she finds credible. *Lee*, 529 F. App'x at 715. The ALJ evaluated Jasinski's anxiety and did not find it to be a severe impairment. [ECF No. 10-2, Tr. 14-15]. That determination was supported by the opinions of independent psychological examiner Hugh Bray, Ph.D.,

13

who determined that Jasinski had at most mild impairments, except that she was moderately impaired in her ability to withstand stress and pressure. [ECF No. 10-7, Tr. 248-49, 306-07]. It is Jasinski's burden to demonstrate that her anxiety causes her to require a more restrictive RFC, *Preslar*, 14 F.3d at 1110, and she has not met it.

Finally, despite Jasinski's argument otherwise, she does not show that the ALJ's determination of her skill set was the result of an obvious gap in the records, so her claim that the ALJ failed in her duty to investigate is without merit. *Kendall v. Astrue*, No. CIV.A. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011).

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 18] be **GRANTED**; that Jasinski's motion [ECF No. 13] be **DENIED**; and the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: June 30, 2017

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2017.

                                            s/Karri Sandusky for
                                            MARLENA WILLIAMS
                                            Case Manager